Ruffin, Judge.
 

 Upon looking into the certificates of the Governor and Secretary of State to the copy of the statute of South Carolina, they seem to conform substantially to the provisions of the act of 1823
 
 (Rev.
 
 1193). That of the latter is under his private seal, and the act so requires it. It adds further, that
 
 “
 
 the seal of the Stare shall be attached.” This cannot mean to the certificate of the Secretary ; because it is before said, that It shall be under his own seal? and because that officer
 
 *565
 
 has not the custody of the great seal. We cannot attribute any other meaning >o it, than that the Governor shall annex it to the usual testimonial by himself of the officialfcharacte.r of the Secretary of State.
 

 In copying the law of South-Caroliua, tiie Secretary has omitted the date of it, as appearing in the statute book. He does not seem to have been aware, that all the acts of one session of the Legislature make but one statute, and that each particular law, as we now call them, is hut a chapter of one statute, composed of the whole. The Secretary certainly need not copy all the acts of the session for the sake of one, within (lie meaning of the act of 1823. It is sufficient, if he gives the. particular chapter. But he may, and it is proper that he should prefix to each chapter, when needed, the general caption of the whole, in which the day and place of passing it appeal’. That is a part of each chapter in this sense ; for it extends to the whole.
 

 The substance of the objection is, that for want of such caption, or other direct evidence, there was no proof that the statute had been passed, when the note purports to have been made, viz. the 15th of December, 1824, or when it was passed by the prisoner. Certainly, the date of a statute, or its duration, cannot he shown by parol. The former is a part of the law itself, and must appear from it: the latter can be established only by that statute itself, if it contain an express limitation, or by a repealing statute. But it is not necessary, that the time of its passage should be made to appear by the caption of the statute. It is sufficient if it appear in any part of it. It must be proved by the statute j but it m.ay be expressed either in the beginning or elsewhere ; oi*may be collected by inference from express provisions. When passed, it remains in force until repealed, or the expiration of the time limited in the act.
 

 In the present case, there is an express limitation of the time to the year 1835 $ so that it was in force in
 
 *566
 
 jg24, ¡f, ¡n fact, it was passed before that time. That' was Passet* before, is a necessary inference from another provision in it, that certain officers should perform ce,.}ain duties annually,
 
 until
 
 the year 1824. So that, both the period at which the statute passed, and for which it continued in force, do sufficiently appear in the present case.
 

 A doubt lias suggested itself to the Court, upon the effect of its being left by the Judge below to the jury to draw these inferences. We suppose that it was on the idea, that foreign laws are facts, and that the jury alone could deal with them. The existence of a foreign law is a fact. The Court cannot judicially know it, and therefore it must be
 
 proved;
 
 and Ihe proof, like all other, necessarily goes to the jury. But when established, the meaning of the law, its construction and effect, is the province of the Court. It is a matter of professional science, and as the terms of the law arc taken to be ascertained by the jury, there is no necessity for imposing on them the burden of affixing a meaning on them, more than on our own statutes. It is the office of reason to put a construction on any given document, and therefore it naturally arranges itself among the duties ofthe Judge. It is the opinion of this Court, that the Court below erred in not deciding the question. In ordinary cases, the consequence would be a new trial. But in the present, the statute is spread out in the case, and it is thus made to appear to us, that the jury have precisely adopted that interpretation, which the Court ought to have given by way of instruction. The course of the Judge gave the prisoner the benefit of the chance of a mistake of the jury. He cannot complain, that they made no mistake. As therefore it is manifest, that the jury have administered the law correctly, there is no ground for a new trial.
 

 Per. Curiam. — Let the judgment of the Court belo'Sf be affirmed.